# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 02-1314V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
BRUCE ANDERSON and DONNA           *
ANDERSON, as parents and natural   *
guardians of R.A., a minor,        *
                                   *
                                   *    Special Master Corcoran
             Petitioners,          *
                                   *
                                   *    Filed: November 16, 2018
        v.                         *
                                   *
                                   *    Attorney's Fees and Costs;
                                   *    Reduction for Autism Case;
SECRETARY OF HEALTH AND            *    Petitioner's Personal Travel Time
HUMAN SERVICES,                    *
                                   *
                                   *
             Respondent.           *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Sylvia Chin-Caplan*, Boston, MA, for Petitioners.

*Heather Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 1, 2002, Bruce and Donna Anderson filed a petition on behalf of their minor child, R.A., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioners alleged that the measles-mumps-rubella ("MMR") vaccine that R.A. received on December 13, 1999, resulted in a disorder of energy metabolism associated with autistic regression and multi-system dysfunction.

---

[1] Although this Decision has not formally been designated for publication, it will be posted on the United States Court of Federal Claims website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

An entitlement hearing was held on December 8-9, 2015, and I issued a decision denying compensation on November 1, 2016 (ECF No. 106). Thereafter, Petitioners filed a consented motion to substitute attorney Sylvia Chin-Caplan (the same attorney who tried the case) in place of Ronald Homer, which was granted on November 30, 2016. Petitioners (via their substitute counsel) subsequently filed a motion for review of my entitlement decision, which was denied on April 20, 2017 (ECF No. 117). They thereafter appealed the Court's decision to the Federal Circuit, but that effort was similarly unsuccessful. *Anderson v. Sec'y of Health & Human Servs.,* 717 Fed. App'x 1009 (Fed. Cir. 2018).

At the time Ms. Chin-Caplan substituted for Mr. Homer as Petitioners' attorney, Petitioners also filed a motion requesting an interim award of attorney's fees and costs for the work performed on the case by prior counsel. That request was granted, with a judgment in the amount of approximately $278,000.00 issued on June 29, 2017 (ECF No. 124). The interim fees award did not, however, include any of Ms. Chin-Caplan's time incurred on this matter after becoming counsel of record. In addition, I reduced by 20 percent attorney time reflecting work performed on the matter *after* the hearing (i.e., between December 2015 and the end of November 2016), reasoning that by that time, the evidentiary and persuasive limitations of Petitioners' claim should have been clear to counsel in light of the multiple cases alleging autism as a vaccine injury that have been dismissed in the Program over the past eleven years. *See* Interim Fees Decision, dated May 9, 2017 (ECF No. 120) at 6, *withdrawn and reissued on other grounds,* dated May 24, 2017 (ECF No. 123)[3]; *R.V. v. Sec'y of Health & Human Servs.*, No. 08-504V, 2016 WL 7575568, at *3-4 (Fed. Cl. Spec. Mstr. Nov. 28, 2016) (limiting attorney's fees devoted to post-trial work (including motion for review) in unsuccessful autism injury case). Petitioners did not appeal my determination to reduce this post-hearing time.

Petitioners have now filed a request for a final award of fees and costs in this matter. *See* Motion, dated October 2, 2018 (ECF No. 131) ("Final Fees Mot."). The motion requests attorney's fees in the amount of $168,731.90, reflecting work performed on the matter by Ms. Chin-Caplan and her associate, Timothy Mason, between November 2, 2016, and the case's final disposition (time devoted to the motion for review and Federal Circuit appeal), plus costs in the total amount of $6,521.78 (including filing fees, appellate brief printing costs, and travel to Washington for appellate oral arguments). Final Fees Mot. at 1. In addition, Petitioners request reimbursement of individual expenses incurred in the amount of $1,022.23, reflecting Mr. Anderson's costs to fly to, and stay in, Washington, D.C., for the appellate argument before the Federal Circuit in April 2018. Final Fees Mot. at 46-49; ECF No. 132.

---

[3] The reissued Interim Fees Decision (which resulted from Petitioners' request that I reconsider whether their expert should receive a higher hourly rate) does not include the same language from the withdrawn version of the Decision discussing the basis for the 20 percent reduction for post-hearing briefing, but incorporates and carries through that reduction. *See* ECF No. 123 at 5. Although the the withdrawn version of the Interim Fees Decision does not constitute precedent in this matter, I reference it solely to explain the basis for the reduction in time that is also reflected in the second interim fees decision.

Respondent reacted to the Final Fees Request on October 5, 2018 (ECF No. 133), noting that he deemed the request as satisfying the statutory requirements under the Vaccine Act but otherwise deferring disposition of the motion to me.

I will resolve the Final Fees Motion consistent with my treatment of the prior interim fees request. First, I find that the rates requested for Ms. Chin-Caplan and her associate's time for work performed from November 2016 to October 2018[4] are reasonable, and consistent with what she has been awarded in prior actions (as well as with the Office of Special Masters's Rate Schedule for In-Forum Attorneys). *See generally* 2018 OSM Attorneys' Forum Hourly Rate Fee Schedule, http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20S chedule%202018.pdf (last accessed November 13, 2018). The requested rates are therefore adopted herein.

Second, I will reduce the total attorney's fees requested by the same 20 percent figure that I applied in the interim fees award to work performed on post-hearing briefs. $168,000 is a large sum for *any* petitioner's counsel to incur in appeal of a Vaccine Program decision - although a complex issue could justify such an amount, as counsel might need to engage in a careful review of the law, or weed through dense scientific or medical evidence offered in a case in explaining the grounds for appeal. But those kinds of justifications are lacking when the appeal follows the well-trod path of an autism proceeding. Given how many autism-based claims have been unsuccessfully appealed to date, no seasoned Vaccine Program attorney can deny awareness of the likely outcome of appeal under such circumstances – and therefore fees associated with such an appeal may be deemed unreasonable. *R.V.,* 2016 WL 7575568, at \*4 ("attorneys who risk devoting their efforts to pursuing non–Table autism claims must take notice of the fact that these claims are not successful, and must therefore proceed accordingly"). Petitioners have not otherwise explained or established in their fees request why more than 450 hours of attorney time was appropriately devoted to this appeal, by distinguishing this case from the countless prior unsuccessful autism appeals. Final Fees Mot. at 34 (summary of attorney time).

Under the circumstances, a significant, across-the-board reduction would be defensible, and is within my discretion to impose. *See, e.g.*, *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 702 (2016). However, I find here that a more modest reduction consistent with my prior fees determination is fair and reasonable. Accordingly, Petitioners are awarded 80 percent of the total fees amount requested of $168,731.90, or **$134,985.52**.

Finally, there is the issue of costs. Petitioners' attorneys incurred $6,521.78 in costs

---

[4] Petitioners request that Ms. Chin-Caplan's time be compensated at the hourly rates of $400 per hour and $414 per hour for 2016; $414 per hour for 2017; and $429 per hour for 2018. For Mr. Mason, Petitioners request $225 per hour for 2016-2017, and $238 per hour for 2018. Final Fees Mot. at 4-34.

reasonably related to prosecution of the appeals (filing costs, travel costs, and printing expenses), and I will award this sum in full. I will deny, however, the costs incurred individually by Petitioners. Mr. Anderson apparently traveled to Washington, D.C., to attend the Federal Circuit argument in April 2018, and would like reimbursement for costs related to this trip. Although I can understand why a petitioner might personally wish to attend such an argument, it is not reasonable for petitioners to obtain Program reimbursement for travel to appellate court proceedings at which their participation is not otherwise required (i.e., they will not be testifying as witnesses).[5] This is even more the case when the appeal challenges a determination in an autism claim.

## Comment on Appropriateness of Fees in Autism Cases Going Forward

This matter has required nearly fifteen years to resolve. In that time, *no* non-Table claims asserting autism as a vaccine injury have succeeded. Absent a shocking and unanticipated scientific research result that upends what is presently understood about the lack of a relationship between vaccines and autism, none are likely to in the future. The Office of Special Masters (inundated as it is with meritorious filings involving actionable injuries) has determined that autism injury cases are not to be encouraged going forward – and this means that it is no longer reasonable for Program attorneys to bring such claims. If they do so, they certainly should not expect compensation for work performed on them. *R.V.,* 2016 WL 7575568, at *4. Program counsel must therefore take notice in future cases that the fees they incur in autism claims are at risk – not only for appellate work but at the trial level as well.

## CONCLUSION

Based on all of the above, the following chart sets forth the total calculation of Petitioners' fees award:

| Contested Sum | Requested | Reduction | Total Awarded |
|---|---|---|---|
| Attorney Fees | $168,731.90 | $33,746.38 | $134,985.52 |
| Litigation-related Expenses | $6,521.78 | None | $6,521.78 |
| Petitioners' Individual Costs | $1,022.23 | 1,022.23 | $0.00 |
| **Total Requested: $176,275.91** | | **Total Reduction: $34,768.61** | **Grand Total: $141,507.30** |

---

[5] In addition, Federal Circuit argument transcripts can be accessed publicly by interested parties far more readily than can the trial transcripts of Vaccine Act claims be reviewed.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of attorney's fees and costs awards, and based on the foregoing, I **GRANT IN PART** Petitioners' Motion for Attorney's Fees and Costs, awarding **$141,507.30** in fees and costs made payable jointly to Petitioners' counsel Sylvia Chin-Caplan, Esq. and Petitioners. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

       **IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.